UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GERSON LOPEZ,

      Plaintiff,    **DECISION & ORDER**
            18-CV-3828 (WFK) (RER)

  v.

1923 SNEAKER, INC., D/B/A "AIR KICKS"
and JONG SOO CHOI,

      Defendants.
------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

Magistrate Judge Reyes issued an order granting Gerson Lopez's ("Plaintiff's") motion for default judgment in part and recommending that judgment for $103,634.26 be entered against Defendants, jointly and severally. For the reasons provided below, the Court adopts Magistrate Judge Reyes's report and recommendation, over the objection of Plaintiff, and enters judgment against Defendants in the amount of $103,634.26.

## BACKGROUND

### A. Procedural History

On July 2, 2018, Plaintiff Gerson Lopez ("Plaintiff" or "Lopez") commenced this federal and state wage-and-hour action against Defendants 1923 Sneaker, Inc. ("1923 Sneaker") and Youkyung Choi pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.*, ("FLSA") and the New York Labor Law, §§ 190 *et seq.* ("NYLL"). Original Complaint, ECF No. 1. Plaintiff seeks actual, liquidated, and statutory damages for: (1) unpaid overtime wages; (2) the failure to provide wage notices and wage statements; and (3) "any other claim(s) that can be inferred from the facts set forth" in the Complaint. *Id*. ¶ 1.

After Plaintiff's first attempt to secure default judgment, on April 1, 2019, Jong Soo Choi ("Mr. Choi"), the currently named individual defendant, submitted an affidavit to the Court. Choi Affidavit ("Choi Aff."), ECF No. 26. Mr. Choi explained that Youkyung Choi is his

1

"estranged adult daughter" and that he, and not Youkyung, is the "director/officer of [] 1923 Sneaker" and that he was Plaintiff's "'boss' and manager [and] had exclusive authority to 'fire' [Plaintiff] . . . ." Choi Aff. ¶ 1. On June 4, 2019, Plaintiff filed an Amended Complaint substituting Mr. Choi for Youkyung Choi as the individual defendant. Amended Complaint ("Compl."), ECF No. 30. Mr. Choi and 1923 Sneaker were served with the Amended Complaint pursuant to N.Y. C.P.L.R. § 308(2) and N.Y. BUS. LAW § 304.

On October 9, 2019, this Court issued an Order to Show Cause in Support of Default Judgment. ECF No. 40. On January 14, 2020, Defendants filed a Memorandum of Law in Opposition to Plaintiff's Motion for Default Judgment ("Def. Mem."). ECF No. 47. Importantly, in their Memorandum in Opposition, Defendants notified the Court that they "do not dispute liability" and only contest damages. Def. Mem. at 5. After the January 17, 2020 default judgment hearing, this Court referred the matter to the Honorable Magistrate Judge Reyes for a report and recommendation on all matters related to default judgment. ECF No. 48. On March 5, 2021, Magistrate Judge Reyes issued a Report and Recommendation ("R&R") to which Plaintiff timely objected. ECF No. 61.

**B. Facts**

The Court assumes the parties' familiarity with the underlying facts of the case. For purposes of this Decision and Order, the Court accepts as true the factual allegations in the Plaintiff's amended complaint. *Speedfit LLC v. Woodway USA, Inc.*, 53 F. Supp. 3d 561, 576 n.11 (E.D.N.Y. 2014) (Matsumoto, J.) (quoting *Bossom v. Buena Cepa Wines, LCC*, 11-CV-6890, 2011 WL 6182368, at *1 (S.D.N.Y. Dec. 12, 2011) (Briccetti, J.)).

1923 Sneaker was a New York corporation that operated a sneaker and sports apparel store in Far Rockaway, New York. Compl. ¶ 17. While in operation, Mr. Choi served as the

store's officer and director.  Compl. ¶¶ 2, 11; Choi Aff. ¶ 1.  In this capacity, Mr. Choi directly managed and supervised the store's employees and was Plaintiff's "boss."  *Id*.

According to the Amended Complaint, Mr. Choi hired Plaintiff on or about March 12, 2012, and Plaintiff worked for Defendants until on or about March 18, 2018 as both a sales associate and as a store clerk.  Compl. ¶ 2, 19–21; Decl. of Gerson Lopez in Support of Pl.'s Mot. for Default J. ("Pl. Decl.") ¶ 3–6; Inquest Transcript ("Inquest Tr.") 5:11, 24:5, ECF No. 52.  During his entire employment, Mr. Choi supervised Plaintiff and was responsible for setting his work hours, determining his pay, and overseeing the method of his compensation, i.e., cash or check.  Compl. ¶¶ 11, 18; Pl. Decl. ¶ 7–8; Choi Aff. ¶ 1.  According to the Amended Complaint, "Defendants required Plaintiff to work, and Plaintiff did work, approximately six days per week, from 9:30 a.m. until 8:00 p.m. without a scheduled or uninterrupted break each day, for a total of sixty-three hours each workweek."  Compl. ¶ 22; Pl. Decl. ¶¶ 10–11; Inquest Tr. 20:6–13, 22–24.  At the inquest held on March 5, 2020, Plaintiff testified he never took a vacation or sick day.  He also testified the store was closed for "one day, maybe two days" after Hurricane Sandy and he also missed work for one day when his wife gave birth by caesarian section.  Inquest Tr.  26:10–21, 63:11–25.  Other than these brief absences, Plaintiff testified that he never missed a day of work.  *Id*. at 63:11–64:13.

Plaintiff testified that his starting pay on March 12, 2012 was $7.50/hour, including for hours worked in excess of 40 hours, and that by the end of his employment it had reached $11.11/hour.  Inquest Tr. 7:12–25, 18:18–24; Compl. ¶¶ 22, 24–26; Pl. Decl. ¶¶ 12–13.  Plaintiff was paid on a weekly basis, usually in cash, but was sometimes paid with a check towards the end of his employment.  Inquest Tr. 15:13–25.  Plaintiff testified that Defendants never recorded his hours in any way, and he was never asked to sign any documents attesting to the hours that he

3

worked. Inquest Tr. at 15:2–8. Additionally, Plaintiff claims that Defendants failed to provide him with a wage notice when he was hired, or at any time thereafter. Compl. ¶ 28; Pl. Decl. ¶ 16. Plaintiff also claims Defendants failed to provide any statement during his employment that accurately listed the hours he worked or his straight and overtime pay rates. Compl. ¶ 27; Pl. Decl. ¶ 15. Defendants do not dispute their liability for any of Plaintiff's claims. Def. Mem. at 4; Inquest Tr. at 13:4–7.

## DISCUSSION

### I. Legal Standard

"When evaluating the report and recommendation of a magistrate judge, the district court may adopt those portions of the report to which no objections have been made and which are not facially erroneous." *Walker v. Vaughan*, 216 F. Supp. 2d 290, 291 (S.D.N.Y. 2002) (Berman, J.) (citation omitted). Upon receiving any timely, written objections to the magistrate's recommendation within fourteen days of the recommended disposition, the district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(2), (b)(3). A party objecting to a report and recommendation must point out the specific portions of the report and recommendation to which they object. *See Barratt v. Joie*, 96-CV-0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002) (Swain, J.) (citations omitted).

When a party raises an objection, the Court must conduct a *de novo* review of any contested sections of the report and recommendation. *See Pizarro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991) (Mukasey, J.). If a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (Seybert, J.)

4

(internal quotation marks and citation omitted).  Even in a *de novo* review of specific objections, the Court ordinarily will not consider "arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance." *Kennedy v. Adamo*, 02-CV-1776, 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006) (Vitaliano, J.) (internal quotation marks and citation omitted).

**II.     Analysis**

Defendants object to the calculation of overtime damages.  *See* R&R at 11–15. Specifically, Defendants assert the overtime damages were not calculated to the required degree of "reasonable certainty" because Magistrate Judge Reyes did not consider that Plaintiff contradicted himself in his inquest testimony.  *See* Defendants' Objection to the R&R ("Obj.") at 4, ECF No. 61.  Because this argument essentially duplicates Defendants' original objections in their Memorandum in Opposition, this Court reviews the report and recommendation for clear error only.

In their objection to the report and recommendation, Defendants argue "the 'overtime' damages and liquidated damages recommended for plaintiff cannot be 'ascertain[ed] . . . with reasonable certainty.'"  Obj. at 12 (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)).  In support of this proposition, Defendants claim Plaintiff's inquest testimony was inconsistent.  For example, Plaintiff testified that he worked 63 hours per week at a pay rate of $7.50/ hour in 2012, meaning he received $472.50 per week.  *See* Obj. at 6. However, when shown Defendants' "employment records" during cross-examination, Plaintiff confirmed, when asked, that the documentation did not show that he received $472.50 per week. *Id*.  Accordingly, Defendants argue Judge Reyes erred when this inconsistency did not preclude reasonable certainty.  This Court disagrees.

The Court finds no clear error in Judge Reyes's report and recommendation. Judge Reyes found the "employment records," and other documentation offered by Defendants, were not employment records at all since they did not indicate what the payments were for, Plaintiff's hours, or Plaintiff's pay rate. *See* R&R at 13. As such, he appropriately used Plaintiff's sworn testimony and recollection as evidence to calculate the amount of overtime wages owed to him. *See Santillian v. Henao*, 822 F. Supp. 2d 284, 294 (E.D.N.Y. 2011) (Block, J.), *adopting R&R of Mag. Marilyn D. Go* ("Plaintiff has submitted a sworn declaration containing information as to hours worked and rates of pay based on estimation and recollection. The information provided by plaintiff is general and not detailed. However, in the default context, where the defendants have failed to dispute plaintiff's allegations . . . plaintiff has provided a sufficient basis for determination of damages."). Judge Reyes further noted the documents, a collection of W-2s, receipts, and handwritten notes, were "insufficient to sustain [Defendants'] burden under the FLSA and NYLL to keep adequate records, let alone to rebut Plaintiff's testimony." R&R at 13. Therefore, Judge Reyes found "Plaintiff's testimony that he worked 63-hours every week for the entirety of his employment stands uncontradicted." *Id*.

Defendants attempt to renew their original objection by arguing that they are not contesting the fact that Judge Reyes disregarded Defendants' documentary evidence, but only the fact that Plaintiff contradicted himself because he acknowledged that his testimony did not align with Defendants' documentary evidence. Defendants' efforts to circumvent Judge Reyes's exclusion of their evidence is unavailing. Plaintiff's assent during cross-examination that certain numbers listed on the documentary evidence were, indeed, listed on the documentary evidence, does not mean he contradicted himself. During the inquest, Plaintiff repeatedly asserted it was Defendants (and not Plaintiff) who had control over what was written on any documentation regarding his pay, and

6

what was reported on his W-2s. *See* Inquest 31:16–19; 53:2–3; 64:13–14. Thus, the inconsistency is still one between Plaintiff's testimony and the documentary evidence, not within Plaintiff's testimony itself.

Finally, the Court rejects any objection by Defendants asserting Judge Reyes erred when he found Defendants' documentary evidence insufficient. In Defendants' objection they argue "*Santillian* does not stand for the proposition that evidence rebutting a plaintiff's inquest testimony is limited to 'employment records,' or Judge Reyes's interpretation of what constitutes acceptable employment records. Nor does the case suggest that a defaulting defendant employer must first sustain a 'burden . . . to keep adequate records' simply to rebut plaintiff's testimony." Obj. at 13. However, as Judge Reyes adequately explains in his report and recommendation, in the default context, Plaintiff's "recollection and estimates of hours worked are presumed to be correct." *Santillian*, 822 F. Supp. 2d at 294. Judge Reyes's determination that Defendants' proffered evidence was insufficient to rebut Plaintiff's testimony and insufficient to adequately determine Plaintiff's overtime wages with "reasonable certainty" is sound.

Accordingly, the Court finds no clear error in Judge Reyes's finding that "Defendants failed to fully compensate Plaintiff at one and on-half times his hourly rate for twenty-three hours of overtime that he worked each week" and his subsequent calculation of overtime wages owed to Plaintiff.

## CONCLUSION

For the reasons stated above, the Court ADOPTS the Report and Recommendation of the Honorable Magistrate Judge Reyes. *See* R&R, ECF No. 56. Plaintiff's Default Motion is GRANTED in part and judgment for $103,634.26 is entered against Defendants, jointly and severally, consisting of: (1) $30,114.98 in compensatory damages; (2) $30,114.98 in liquidated

damages; (3) $15,767.50 in prejudgment interest through March 5, 2021, to increase by $7.42 for each day thereafter until the date of judgment; (4) $10,000 in statutory damages; (4) $17,236.80 in attorneys' fees; and, (5) $400 in costs. The Clerk of Court is respectfully directed to close the motions pending at ECF Nos. 39 and 56 and close the case

**SO ORDERED.**

s/ WFK
_____
HON. WILLIAM F. KUNTZ, II
United States District Judge

Dated: April 6, 2021
       Brooklyn, New York

8